# UNITES STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **SHANNON T. BONNER** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.:**_____ |
| | § | |
| **COMMUNITY HEALTH SYSTEMS** | § | |
| **AND** | § | |
| **TEK SYSTEMS** | § | |
| *Defendants.* | § | **DEMAND FOR JURY TRIAL** |

## ORIGINAL COMPLAINT

COMES NOW Plaintiff, SHANNON T. BONNER filing this Original Complaint, complaining of Defendants COMMUNITY HEALTH SYSTEMS and TEK SYSTEMS and in support thereof respectfully shows this Court as follows:

### A. PARTIES AND JURISDICTION

1. Plaintiff, SHANNON T. BONNER, is a female citizen of the United States of America, and at all relevant times has been, and is a resident of Texas.

2. At all relevant times the defendant COMMUNITY HEALTH SYSTEMS ("CHS") was a licensed Tennessee business entity and was an employer within the meaning of section 21.002(8) of the Texas Commission on Human Rights Act.

3. At all relevant times the defendant TEK SYSTEMS was a licensed Tennessee business entity and was employer within the meaning of section 21.002(8) of the Texas Commission on Human Rights Act.

4. 3. Plaintiff was employed by CHS, and/or TEK Systems in Pennsylvania where the complained of employment practices occurred.

5. The amount in controversy exceeds the minimum jurisdiction of this court.

### B. ADMINISTRATIVE PROCEDURES

6. Plaintiff timely filed charges of discrimination against the defendants with the Equal Employment Opportunity Commission ("EEOC"), and the Texas Workforce Commission

–Civil Rights Division ("TWC") on or about June 12, 2014. Plaintiff alleged discrimination based on her sex, female, and retaliation. Copies of those charges is attached hereto as *Exhibits 1and 2.*

7.      On or about October 5, 2015 and October 12, 2015 respectively, Plaintiff received notice of her letters indicating her right to file a civil action from the EEOC. Plaintiff is filing this Original Petition within 90 days of receipt of those notices. Copies of each notice is attached hereto as *Exhibits 3 and 4.*

8.      Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action. All administrative remedies have been exhausted. There are no other laws prohibiting the unlawful employment practices alleged in this complaint under which Plaintiff was obliged to make a complaint or charge.

## C. SERVICE

9.      Defendant Community Health Systems may be served with this Original Complaint and citation by upon defendant's registered agent for service, Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701.

10.      Defendant TEK Systems may be served with this Original Complaint and citation by upon defendant's registered agent for service, Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701.

## D. STATEMENT OF FACTS

11.      Plaintiff began working for TEK Systems on or about April 21, 2014. Plaintiff began working for Community Health Systems' Memorial Hospital location in York, PA on May 9, 2014.

12.      Upon beginning her assignment at Memorial Hospital as an Application Systems Analyst for CHS, Ms. Bonner became the target of unwelcome sexually inappropriate comments

and contact and was subjected to unwelcome sexually inappropriate comments and contact made by Cecil Leftwich, an employee of the defendants.

13.     In mid-May 2014, Ms. Bonner was briefly hospitalized at the hospital where she worked.  Cecil Leftwich therefor had access to Ms. Bonner. Leftwich was not a friend of Ms. Bonner, nor a treating medical care provider.

14.     Leftwich sought out Bonner while she was a patient at the hospital.  When he found her, he proceeded to ask lewd things like "Do you have any pants on under your blanket because if you don't I won't be able to control myself."

15.     Further on or about May 22, 2014 Leftwich made the unsolicited, unwelcome comment to Bonner "She's just mmm… mmm… mmm…"

16.     Then on or about May 31, 2014 Leftwich walked towards Bonner and brushed himself up against her.  This action too was most unwelcome by Bonner.

17.     At all relevant times to this complaint Leftwich had actual and/ or apparent supervisory authority over Bonner.

18.     On or about May 31, 2014, Bonner filed a complaint of sexual harassment with Jemia Ellis, a recruiter for TEK Systems. On June 1, 2014 Bonner received a responsive email from Andrea Kambanis, the Employee Relations Manager for TEK Systems, stating Leftwich would be terminated as a result of Bonner's complaint.

19.     To ensure her complaint was properly investigated, Bonner launched a more formal internal complaint of sexual harassment against Leftwich by reporting her complaint to Donald Blevins, Manager Clinical Systems Deployment, Community Health Systems and Renea Ware.

20.     On June 3, 2014, Ellis contacted Bonner, sent her home and on June 3, 2014, Ms.

Bonner was terminated from her employment with the defendants.

### E. FIRST CLAIM OF RELIEF
### Unlawful Sex Discrimination in Violation of
### The Texas Commission on Human Rights Act

21.     Defendant's actions, as alleged above, denied Plaintiff equal employment

opportunities and discriminated against her on the basis of her sex - female.  Plaintiff was fully

qualified to perform her duties an Applications Systems Analyst.  Plaintiff was subjected to

disparate treatment on the basis of her sex - female, in violation of Texas Commission on Human

Rights Act, Tex. Labor Code § 21.001 *et seq.* ("TCHRA").

22.     The allegations contained in all of the paragraphs of this Complaint are hereby

reaverred and realleged for all purposes and incorporated herein with the same force and effect

as if set forth verbatim.  Plaintiff avers that the harassment visited upon her was unwelcome,

based upon her sex, lewd in nature and in violation of TCHRA.  Plaintiff further avers that the

defendant failed to take appropriate steps in response to her complaint of sexual harassment.

23.     Plaintiff suffered irreparable injury from Defendant's acts and/or omissions

and/or policies and practices as stated in this petition.

24.     Plaintiff has suffered emotional and mental anguish as a result of Defendant's

actions.

25.     Defendant committed such action with malice and reckless disregard to Plaintiff's

State Protected rights therefore entitling Plaintiff to punitive and/or exemplary damages.

26.     Plaintiff is entitled to money damages for Defendant's violation of her rights.

## F. SECOND CLAIM OF RELIEF
### Retaliation for Opposing Discrimination in Violation of
### The Texas Commission on Human Rights Act

27.     The retaliatory and discriminatory practices of the Defendants as directed towards Plaintiff, as set for the above, violate the provisions of Texas Commission on Human Rights Act, Tex. Labor Code § 21.001 *et seq.* ("TCHRA") in that defendant undertook such actions against Plaintiff because 1) Plaintiff complained of unlawful harassment and discriminatory conduct towards her, and 2) opposed unlawful discrimination.  Plaintiff's complaint of sexual harassment was the direct cause of her being pulled from her assignment and sent home, and the proximate cause of her termination.  More specifically, defendants sent Plaintiff home on June 1, 2014 and terminated her shortly thereafter in retaliation for her opposition to unlawful sexual harassment.

28.     Plaintiff's opposition to discrimination was the proximate cause of Plaintiff losing her employment with CHS and TEK Systems.

29.     Plaintiff engaged in a protected activity by filing a complaint of sexual harassment. Had Plaintiff not complained of sexual harassment, she would not have been sent home, nor terminated from her employment with the defendants.

30.     Because of such retaliation, Plaintiff has lost income and benefits, and has suffered and will continue to suffer irreparable injury from the Defendant's policies and unlawful practices as stated in this petition.

31.     Plaintiff has and will continue to suffer emotional and mental anguish as a result of the Defendant's actions.

32.     Defendant committed such action with malice and reckless disregard to Plaintiff's State protected rights therefore entitling Plaintiff to punitive and/or exemplary damages.

33.     Plaintiff is entitled to money damages for Defendant's violation of her rights as guaranteed.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment:

a.  Declaring that the acts and practices complained of herein are in violation of Chapter 21 of the Texas Labor Code;

b.  Awarding plaintiff any back pay with interest on any back pay awarded;

c.  Awarding plaintiff any front pay with interest on any front pay awarded;

d.  Awarding plaintiff any liquidated damages with interest on any liquidated damages awarded;

e.  Awarding plaintiff compensatory damages, punitive damages, and such other monetary relief as may be deemed appropriate in amounts to be determined at trial;

f.  Awarding plaintiff prejudgment and postjudgment interest to the maximum extent permitted by law;

g.  Awarding plaintiff costs of suit;

h.  Awarding plaintiff the cost of this action together with expert witness fees and reasonable attorney's fees, as provided by the Texas Labor Code;

i.  Directing defendants to pay plaintiff damages for his mental anguish and emotional distress;

j.  Granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully Submitted
THE TACKETT FIRM, PLLC

By: _____
Deshonda Charles Tackett
Texas Bar No. 24053502
Federal Bar No. 641900
4412 Stanford Street, Suite 1
Houston, Texas 77006
Telephone (713) 993-7310
Facsimile   (713) 533-0303
dctackett@thetackettfirm.com
ATTORNEY FOR PLAINTIFF
SHANNON T. BONNER