IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHANNON T. BONNER, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | C.A. No. 4:16-CV-00013 |
| § | |
| COMMUNITY HEALTH SYSTEMS and § | |
| TEKSYSTEMS § | |
| Defendants. § | |

**DEFENDANT TEKSYSTEMS INC.'S MOTION TO DISMISS PLAINTIFF'S CLAIMS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

TEKsystems Inc. ("TEKsystems"), Defendant, files this its Motion Dismiss all of Plaintiff Shannon T. Bonner's Claims Asserted in her First Amended Complaint against TEKsystems, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and respectfully shows the Court as follows:

**I.**
**INTRODUCTION AND BACKGROUND**

1.  Shannon T. Bonner ("Plaintiff") was an employee of TEKsystems for a short time, during which she worked at CHS/Community Health Systems, Inc.'s Memorial Hospital ("CHS") in York, Pennsylvania.[1]

2.  During her employment, she claims to have been the target of unwelcome sexually inappropriate comments and contact by an alleged employee of the Defendants (which TEKsystems denies).[2]

---

[1] See Pl's First Amd. Complaint at ¶¶ 4 and 11.
[2] Id. ¶ 12.

238240v.1

3. Plaintiff alleges that she reported the conduct to TEKsystems and filed a sexual harassment complaint with CHS.[3] After her reports of sexual harassment and discriminatory conduct, Plaintiff claims she was terminated from her employment.[4]

4. Plaintiff has filed this case against both TEKSystems and CHS and asserted that TEKsystems engaged in unlawful sexual discrimination and retaliated against her, thereby violating the Texas Commission on Human Rights Act, Texas Labor Code section 21.001 *et seq.*[5] She seeks damages for these alleged violations.

## II.
### PLAINTIFF'S CASE SHOULD BE DISMISSED AS THE TEXAS LABOR CODE DOES NOT APPLY TO PLAINTIFF'S EMPLOYMENT IN PENNSYLVANIA

5. The claims for violating the Texas Commission on Human Rights Act, which is set forth in the Texas Labor Code, fail as a matter of law because the Texas Labor Code does not apply in this case as Plaintiff was not employed in the state of Texas. Therefore, Plaintiff has failed to state a claim on which relief can be granted, and her case should be dismissed.

*A.   Legal Standard*

6. Federal Rules of Civil Procedure Rule 12(b)(6) provides that a claim can be dismissed for "failure to state a claim on which relief can be granted."[6] A 12(b)(6) motion to dismiss tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."[7]

---

[3] *Id.* at ¶ 19.
[4] *Id.* at ¶ 27.
[5] *Id.* at ¶ 21.
[6] FED. R. CIV. P. 12(b)(6).
[7] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001).

238240v.1

7. Although a defendant bears the burden of pleading and proving affirmative defenses, where facts alleged in plaintiff's pleadings make it clear that the claim is barred, dismissal under Rule 12(b)(6) may be granted."[8]

8. In reviewing a Rule 12(b)(6) motion to dismiss, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor.[9] Generally, the court may not look beyond the complaint.[10] However, a court may consider documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[11]

9. The court should dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of the claim that would entitle Plaintiff to relief.[12]

B. *The Texas Commission on Human Rights Act Does Not Extend to Work Outside of Texas.*

10. In this case, Plaintiff's claims are based on events that occurred during her employment by TEKsystems.[13] More specifically, she alleges that TEKsystems engaged in discriminatory conduct, which violated the Texas Commission on Human Rights Act. However, the Act does not apply in this case because Plaintiff was never employed by TEKsystems in the state of Texas.

11. According to the Texas Labor Code,[14]

---

[8] *In re Dynegy, Inc. Secs. Litig.,* 339 F. Supp. 2d 804, 819 (S.D. Tex. 2004); *see also Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003).
[9] *Id.; Leal v. McHugh,* 731 F.3d 405, 410 (5th Cir. 2013); *In re S. Scrap Material Co., LLC,* 541 F.3d 584, 587 (5th Cir. 2008), *cert. denied,* 556 U.S. 1152 (2009).
[10] *See Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 261 (5th Cir. 1999); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996).
[11] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010).
[12] *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).
[13] Pl's First Am. Complaint at Section D.
[14] TEX. LAB. CODE § 21.111.

'This chapter [Employment Discrimination] does not apply to an employer with respect to the employment of a person outside this state [Texas]."

12.     Plaintiff admits in her First Amended Complaint that she worked outside Texas. She admits that her work for TEKsystems occurred in Pennsylvania.[15]

13.     Because none of Plaintiff did not work for TEKsystems in Texas, she cannot recover under the Texas Commission on Human Rights Act.  Therefore, she has failed to state a claim on which relief can be granted in her First Amended Complaint, and her case should be dismissed.

### III.
### PRAYER

For the foregoing reasons, Defendant TEKsystems, Inc. respectfully requests that TEKsystems' Motion to Dismiss Plaintiff's claims be granted, that Plaintiff's case be dismissed and for all such other and further relief to which TEKsystems' may show itself justly entitled.

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN
& DICKER LLP

By:     /s/ Linda P. Wills
          Linda P. Wills
          Texas Bar No. 21661400
          Federal I.D. No. 12566
          909 Fannin St., Suite 3300
          Houston, Texas 77010
          713/353-2000
          713/785-7780 Fax
          linda.wills@wilsonelser.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT TEKSYSTEMS, INC.**

---

[15] Pl's First Am. Compl. at ¶¶ 4 and 11.

4

238240v.1

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**

Michelle R. Scheiffele
State Bar No. 24037442
Federal I.D. No. 634829
909 Fannin St., Suite 3300
Houston, Texas 77010
713/353-2000
713/785-7780 Fax
michelle.scheiffele@wilsonelser.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been delivered to all counsel of record on this the 29TH day of February 2016.

*Via ECF*
Deshonda Charles Tackett
**THE TACKETT FIRM, PLLC**
4412 Stanford St., Ste. 1
Houston, TX 77006

                            */s/ Linda P. Wills*
                            **Linda P. Wills**