IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANNON T. BONNER | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-00013 |
| | § | |
| CHS/COMMUNITY HEALTH SYSTEMS, | § | |
| INC. AND TEKSYSTEMS, INC. | § | |
| | § | |
| *Defendants* | § | |

**CHS/COMMUNITY HEALTH SYSTEMS, INC.'S MOTONS TO
DISMISS FOR LACK OF PERSONAL JURISDICTION
AND FOR FAILURE TO STATE A CLAIM**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6) and in response to Plaintiff's Second Amended Complaint (Doc. 8), Defendant CHS/Community Health Systems, Inc. ("CHS/CHSI") files its Motions to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim. In support thereof, CHS/CHSI would respectfully show the following:

**I.**

**SUMMARY**

1.   CHS/CHSI requests that the Court dismiss it from this lawsuit for lack of personal jurisdiction. First, there is no specific personal jurisdiction because Plaintiff Shannon T. Bonner's ("Plaintiff") claims of sexual harassment and retaliation do not arise out of any alleged contacts between CHS/CHSI and the state of Texas. In fact, Plaintiff's claims do not arise out of CHS/CHSI's contacts with any state because it was in no way involved in the events giving rise to this litigation. Second, there is no general personal jurisdiction. CHS/CHSI is a Delaware holding corporation with its principal place of business in Tennessee. As shown below, it does

not have sufficient minimum contacts with the state of Texas to justify the exercise of personal jurisdiction. Thus, CHS/CHSI requests that the Court grant its Rule 12(b)(2) motion to dismiss.

2.  Subject to its Rule 12(b)(2) motion, CHS/CHSI requests that the Court grant its motion to dismiss for failure to state a claim because Plaintiff's complaint and attachments establish that her claims are time barred and that she failed to exhaust her administrative remedies against this Defendant.

## II.

## BACKGROUND

A.  **PLAINTIFF'S ALLEGATIONS.**

3.  On April 21, 2014, Plaintiff began working for TEKsystems, Inc. ("TEK"). *See Plaintiff's Second Amended Complaint (Doc. 8) at ¶ 13.* On May 9, 2014, Plaintiff began working at Memorial Hospital in York, Pennsylvania. *Id.* Plaintiff alleges that, in May of 2014, Cecil Leftwich ("Leftwich") made sexually inappropriate comments to and contact with Plaintiff. *Id. at ¶¶ 14–18.* Plaintiff further alleges that she reported this conduct to TEK on May 31, 2014, and Leftwich was terminated on the next day. *Id. at ¶ 20.* Thereafter, Plaintiff claims she also submitted a complaint to Donald Blevins and Renea Ware. *Id. at ¶ 21.* Plaintiff claims that, on June 3, 2014, TEK sent her home, and on June 11, 2014, TEK informed Plaintiff it wished to terminate her employment. *Id. at ¶¶ 22–23.*

4.  On January 5, 2016, Plaintiff filed suit against TEK and "Community Health Systems."[1] *See Plaintiff's Original Complaint (Doc. 1).* On February 17, 2016, Plaintiff amended her complaint wherein she dropped "Community Health Systems" as a defendant and added CHS/Community Health Systems, Inc. *See Pltfs. 1st Am. Cmplt. (Doc. 6).* On February 29,

---

[1] Like many large corporations, the phrase "Community Health Systems" is used in the names of several separate and distinct corporate entities.

2016, TEK filed its Rule 12(b)(6) motion to dismiss on the basis that Plaintiff could not assert a claim under the Texas Commission on Human Rights Act, Texas Labor Code §§ 21.001, *et seq.* ("TCHRA"), since her claims were based on employment outside the state of Texas. *See TEK's Motion to Dismiss Plaintiff's Claims Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 7).*

5.   On March 14, 2016, Plaintiff filed her Second Amended Complaint dropping her claims under the TCHRA and adding claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). *See Pltfs. 2nd Am. Cmplt. (Doc. 8).* Therein, Plaintiff asserts claims against TEK and CHS/CHSI for sexual harassment and retaliation pursuant to Title VII. *Id. at ¶¶ 25–37.* In support of her claims against CHS/CHSI, Plaintiff globally asserts that she was employed by "defendants," that she reported the alleged sexual harassment to CHS/CHSI employees, and that she was terminated by "defendants." *Id.* However, as established below, none of these allegations are true. To the contrary, CHS/CHSI had no connection with the events giving rise to this lawsuit (which occurred in Pennsylvania) or the individuals involved, and moreover, CHS/CHSI does not have sufficient minimum contacts with the state of Texas.

**B.   CHS/CHSI'S LACK OF CONNECTION TO THE EVENTS GIVING RISE TO THIS LAWSUIT AND LACK OF CONTACTS WITH THE STATE OF TEXAS.**

6.   CHS/CHSI is a Delaware corporation with its principal place of business in Franklin, Tennessee. *See Affidavit of Ben C. Fordham, attached hereto as Exhibit 1, at ¶ 2.* CHS/CHSI is a holding company that does not have any employees, much less employees in Texas. *Id. at ¶ 3.* CHS/CHSI also did not employ any of the individuals referenced in Plaintiff's Second Amended Complaint.

7.   CHS/CHSI did not employ Plaintiff or Leftwich or exercise control over the manner in which they performed their work. *Id. at ¶ 15.* CHS/CHSI also did not employ any other individuals working at Memorial Hospital, where Plaintiff was working at the time, and did

3

not exercise control over the manner in which the Memorial Hospital staff performed their work. *Id.* Further, CHS/CHSI did not employ Donald Blevins and Renea Ware -- the individuals to whom Plaintiff contends she reported the alleged harassment -- and did not exercise control over the manner in which they performed their work. *Id. at ¶ 16.* Moreover, CHS/CHSI did not make, or participate in, any employment decisions relating to Plaintiff or Cecil Leftwich. *Id. at ¶ 15.* Also, CHS/CHSI was not a party to any contracts with TEK. *Id.* Accordingly, CHS/CHSI had no connection to the events giving rise to this lawsuit.

8. CHS/CHSI also does not have sufficient connection to Texas so as to justify the exercise of personal jurisdiction in this state. CHS/CHSI does not maintain a place of business in Texas, does not have any clients in Texas, and does not conduct any regular business in Texas. *Id. at ¶¶ 4–5, 9.* CHS/CHSI does not issue any advertisements or marketing directed toward Texas and does not advertise, market, or offer services for sale in Texas. *Id. at ¶ 6.* CHS/CHSI does not maintain any books or records or hold meetings of its directors or shareholders in Texas. *Id. at ¶ 7.*

9. At the time of the events described in Plaintiff's Second Amended Complaint, CHS/CHSI did not directly own any hospitals in Texas. *Id. at ¶ 11.* Rather, CHS/CHSI owned stock or an ownership interest in subsidiary corporations that in turn may have owned stock or other ownership interest in separate and distinct companies or partnerships, which in turn actually owned and operated affiliated hospitals. *Id.* Effective December 31, 2015, CHS/CHSI owned stock in three Texas entities: Big Bend Hospital Corporation, Big Spring Hospital Corporation, and SMMC Medical Group. *Id.* Big Bend Hospital Corporation and Big Spring Hospital Corporation own and operate the hospitals as to which they do business. *Id.* SMMC Medical Group owns and operates the clinics as to which it does business. *Id.*

4

10. CHS/CHSI does not control the day-to-day operations of any hospital or clinic in Texas, or anywhere for that matter. *Id. at ¶ 12*. Also, CHS/CHSI is not a party to any operating agreement with hospitals in Texas. *Id.* CHS/CHSI does not employ any of the staff at affiliated hospitals or clinics in Texas and does not exercise control over the manner in which, or the details of how, the affiliated entities' staff and/or contractors in Texas perform their work. *Id. at ¶ 14*. CHSI/CHSI is not a party to any contract or agreement with hospitals or clinics in Texas retaining the right to control the work performed by the respective staff. *Id.* CHS/CHSI does not pay the salaries of the staff of affiliated hospitals or clinics in Texas. *Id.* Further, the staff of affiliated hospitals and clinics in Texas is not authorized to act or make statements, representations, or promises on behalf of CHS/CHSI. *Id.*

11. CHS/CHSI does not control disputes concerning the staff of hospitals and clinics in Texas and does not require affiliated hospitals or clinics in Texas to adopt or maintain policies and procedures that govern hospital employees and/or patient care. *Id. at ¶¶ 12–13*. Rather, these functions are governed by the entities themselves and their respective CEOs and Boards of Trustees. *Id.*

### III.

### ARGUMENT & AUTHORITY

A. **MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION.**

   1. **Due Process Requirements.**

12. Plaintiff asserts diversity jurisdiction. *See Pltfs. 2nd Am. Cmplt. (Doc. 8) at ¶ 6*. A federal court sitting in diversity may assert jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution. *Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d

602, 609 (5th Cir. 2008). A district court must determine whether both the forum state's long-arm statute and federal due process permit the court to exercise personal jurisdiction. *Id.* Since the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into "one federal due process analysis." *Id.*

13. Federal due process requires a plaintiff to prove: (1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the state; and (2) that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id.* A defendant establishes minimum contacts with a state if "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). "[T]here must be some act whereby the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Id.* at 475. The courts examine "minimum contacts" in terms of specific personal jurisdiction and general personal jurisdiction." *Id.*; *Lewis v. Fresne,* 252 F.3d 352, 358 (5th Cir. 2001).

**2. There Is No General Personal Jurisdiction In This Case.**

14. General personal jurisdiction exists when a nonresident defendant's contacts with the forum state are substantial, continuous, and systematic. *Johnston*, 523 F.3d at 609 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–19, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). As the Supreme Court recently stated, "[a] court may assert general jurisdiction over foreign corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754, 187 L. Ed. 2d 624 (2014)

6

(recognizing the extremely rare circumstances for a finding of general personal jurisdiction against foreign corporation). The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston*, 523 F.3d at 609 (quoting *Submersible Sys., Inc. v. Perforadora Cent., S.A.,* 249 F.3d 413, 419 (5th Cir. 2001)). "Even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." *Id.*

15. "[V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Id.* at 610. Also, "[r]andom, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Id.* (citing *Moncrief Oil Int'l Inc. v. OAO Gazprom,* 481 F.3d 309, 312 (5th Cir. 2007)). Further, the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum state to justify an assertion of jurisdiction." *Helicopteros*, 466 U.S. at 417; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980).

16. The fact that a foreign parent corporation has a subsidiary company conducting business in Texas will not warrant the exercise of personal jurisdiction over the parent. As this Court recently recognized, the Supreme Court has made clear that "a foreign corporation will not be subject to general jurisdiction simply by virtue of having an in-state subsidiary or affiliate. In order for a court to exercise general jurisdiction, 'that corporation itself, not its managing agent or subsidiary or affiliate, must be at home in the forum state.'" *Associated Energy Group, LLC v. Air Cargo Germany GMBH*, 24 F. Supp. 3d 602, 607 (S.D. Tex. 2014) (quoting *Daimler AG*, 134 S. Ct. 746). "[E]ven ownership of 100% of the stock of a subsidiary is alone insufficient" to

7

impute the subsidiary's contacts to the parent corporation. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1069 n.12 (5th Cir. 1992); *Alert 24 Sec., LLC v. Tyco Intern., Ltd.*, 823 F. Supp. 2d 589, 598 (S.D. Tex. 2011); *Anchia v. DaimlerChrysler AG,* 230 S.W.3d 493, 501 (Tex. App.—Dallas 2007, pet. denied) (internal citations omitted). The United States Supreme Court has stated, "it strains reason…to suggest that anyone buying securities in a corporation formed in [the forum state] 'impliedly consents' to subject himself to [the jurisdiction of the forum state] on any cause of action." *Shaffer v. Heitner*, 433 U.S. 186, 216 (1977).

17. As explained above, CHS/CHSI is a Delaware corporation with its principal place of business in Tennessee. CHS/CHSI does not have any employees in Texas and does not regularly conduct business in Texas. CHS/CHSI certainly does not have contacts with Texas that qualify as substantial, continuous, or systematic. Furthermore, CHS/CHSI's recent acquisition of stock in three Texas companies does not warrant the exercise of general personal jurisdiction over CHS/CHSI. Instead, CHS/CHSI itself must have sufficient minimum contacts with the state of Texas. As shown above, CHS/CHSI does not.

18. Note, despite other plaintiffs' attempts to impute subsidiaries' contacts to CHS/CHSI, several Texas courts have found that CHS/CHSI "does not have sufficient minimum contacts with the State of Texas to justify the exercise of personal jurisdiction." *See Orders attached hereto as Exhibit 2.* Similar in *Berry v. Bryant*, the U.S. District for the District of New Mexico granted CHS/CHSI's Motion to Dismiss for lack of personal jurisdiction and held:

> To the extent that Plaintiff attempts to use [CHS/CHSI] and Triad's [a CHS/CHSI subsidiary which also has an indirect ownership interest in the subsidiary at issue] direct or indirect ownership of Quorum [the subsidiary] as a means of establishing jurisdiction over them by contending that they conducted business in New Mexico through their subsidiary, this attempt fails. As a general matter, "the mere relationship of parent corporation and subsidiary corporation is not in itself a

> sufficient basis for subjecting both to the jurisdiction of the forum state, where one is a nonresident and is not otherwise present or doing business in the forum state." *Alto Eldorado Partnership v. Amrep Corp.*, 138 N.M. 607, 618 (Ct. App. 2005) (quoting *Smith v. Halliburton Co.*, 118 N.M. 179, 182 (Ct. App. 1994)). This is the case even if the subsidiary doing business in the state is wholly owned by the parent company over whom personal jurisdiction is sought, because "we will not subject passive investors to our jurisdiction solely on the basis of their investment." *Id.* (citing *Federal Deposit Ins. Co. v. Hiatt*, 117 N.M. 461, 465 (1994)).

*See Memorandum Opinion and Order, attached hereto as Exhibit 3*. The same reasoning applies to this case.

19. Since CHS/CHSI does not have sufficient minimum contacts with the state of Texas, there is no basis for exercising general personal jurisdiction over CHS/CHSI in this matter.

### 3. There Is No Specific Personal Jurisdiction In This Case.

20. There is also no basis for finding specific personal jurisdiction in this case. In contrast to general personal jurisdiction, specific jurisdiction is established if the nonresident defendant's alleged liability arises from, or is related to, activity conducted within the forum. *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). The Fifth Circuit has articulated a three-step analysis for determining whether specific jurisdiction exists:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Id.* If the plaintiff satisfies the first two elements, the burden shifts to the nonresident defendant to establish that the exercise of jurisdiction would not be fair and reasonable. *Id.*

21. In this case, Plaintiff cannot satisfy the first or second element. As explained above, CHS/CHSI has not directed any activities toward the state of Texas or purposefully

9

availed itself of the forum to where it could reasonably anticipate being haled into court in the state. Moreover, Plaintiff's claims do not arise out of any contacts between CHS/CHSI and the state of Texas. Rather, Plaintiff's complaint is based on activities that occurred in Pennsylvania. *See Pltfs. 2nd Am. Cmplt. (Doc. 8).* Specifically, Plaintiff alleges she was sexually harassed while working at Memorial Hospital in York, Pennsylvania and that she was released from her position in Pennsylvania. *Id. at ¶¶ 13–22.* Thus, Plaintiff's claims do not arise out of CHS/CHSI's contacts with the state of Texas.

22. Moreover, the evidence attached to this motion establishes that Plaintiff's claims could not arise out of any contacts between CHS/CHSI and the state of Texas since CHS/CHSI did not engage in any conduct in Texas (or elsewhere) that impacted Plaintiff's employment. CHS/CHSI does not have any employees in Texas (or elsewhere). *See Exhibit 1.* CHS/CHSI did not employ Plaintiff or any of the individuals identified in Plaintiff's complaint, it did not control their work, and it was in no way involved in any employment decisions relating to Plaintiff. Further, CHS/CHSI does not maintain an office in Texas, does not regularly conduct any business in Texas, and does not operate any business in Texas. Rather, CHS/CHSI is a Delaware corporation with its principal place of business in Tennessee. Hence, no action by CHS/CHSI in Texas resulted in the events made the basis of this lawsuit. Thus, Plaintiff cannot succeed on the second element of specific jurisdiction, and there is no basis for exercising specific personal jurisdiction over CHS/CHSI. Since sufficient minimum contacts cannot be established through general or specific personal jurisdiction, CHS/CHSI requests that it be dismissed from this lawsuit.

### 4. The Exercise Of Jurisdiction Would Offend Traditional Notions Of Fair Play And Substantial Justice.

23. Even if CHS/CHSI has purposefully established minimum contacts with Texas, which it has not, the due process clause of the United States Constitution will not allow a court to exercise personal jurisdiction over CHS/CHSI if the exercise of jurisdiction will offend traditional notions of "fair play and substantial justice." *Burger King*, 471 U.S. at 475–76; *see also Guardian Royal*, 815 S.W.2d at 228 (explaining that fair play and substantial justice must be established even if there are sufficient "minimum contacts"). The relationship between the defendant and the forum state must be such that it is reasonable to require the corporation to defend the particular suit. *World-Wide Volkswagen*, 441 U.S. at 292.

24. In conducting this analysis, the Court must examine whether personal jurisdiction is warranted in light of the following five factors: (1) the burden on the defendant; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009).

25. CHS/CHSI is a Delaware corporation headquartered in Tennessee with no employees or meaningful contacts with Texas. Litigating employment cases in another section of the country over issues involving a hospital that CHS/CHSI does not control and employees that CHS/CHSI did not hire, supervise, or control would obviously be a significant burden. The absence of CHS/CHSI from the case would not impact or prejudice Plaintiff or the State of Texas since Plaintiff's employer, TEK, has already been named as a defendant and acknowledged Plaintiff as its employee. Additionally, there are no overriding policy considerations that compel Texas to assert jurisdiction over CHS/CHSI, a Delaware corporation located in Tennessee.

CHS/CHSI performed no activities in Texas, and certainly engaged in no activities in Texas that gave rise to the pending litigation.

26. Considering the foregoing factors, it is evident that the balance weighs heavily against exercising jurisdiction over CHS/CHSI in Texas. Given CHS/CHSI's lack of contacts with the State of Texas, exercising jurisdiction over CHS/CHSI would offend traditional notions of "fair play and substantial justice." Therefore, even if the Court finds there to be sufficient "minimum contacts," fairness dictates dismissal in this lawsuit. CHS/CHSI requests that the Court grant its Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction and dismiss Plaintiff's claims against CHS/CHSI in this lawsuit.

**B.     MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM.**

27. Subject to its Rule 12(b)(2) motion, CHS/CHSI requests that the Court grant its motion to dismiss for failure to state a claim because Plaintiff's claims under Title VII are time barred and Plaintiff failed to exhaust her administrative remedies as to CHS/CHSI.

**1.     Standard Of Review.**

28. Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss for failure to state a claim, the district court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, the plaintiff must still plead "specific facts, not mere conclusory allegations" in order to survive a motion to dismiss for failure to state a claim. *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007); *In re Katrina Canal Breaches Litig.*, 495

F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

29. In considering a motion to dismiss for failure to state a claim, a district court considers the contents of the pleadings as well as the attachments thereto. FED. R. CIV. P. 12(b)(6); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000); *Jaber v. Metro. Transit Auth. of Harris County, Tex.*, No. 4:14-CV-201, 2014 WL 4102120, *3 (S.D. Tex. Aug. 14, 2014) (considering EEOC charge and right to sue letter in granting Rule 12(b)(6) motion to dismiss). If an exhibit attached to the complaint contradicts an allegation in the complaint the exhibit controls. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004). Additionally, the district court may take judicial notice of public records. *See Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

**2. Plaintiff Fails To State A Claim Under Title VII For Which Relief May Be Granted.**

30. Plaintiff fails to state a claim under Title VII since her claims are time barred and since she failed to exhaust her administrative remedies. To exhaust administrative remedies, a plaintiff must timely file a charge with the EEOC and receive a statutory notice of right to sue. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788–89 (5th Cir. 1996)). The plaintiff then has 90 days from the date she receives the right-to-sue letter to file a civil action. 42 U.S.C. § 2000e–5(f)(1); *Taylor,* 296 F.3d at 379. The requirement to timely file a lawsuit within the 90-day limitation period is "strictly construed." *Taylor,* 296 F.3d at 379 (acknowledging that "[c]ourts within this Circuit

have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired.").

31.     In this case, Plaintiff filed charges of discrimination against "Community Health Systems" and TEK on or around June 12, 2014. *See Charges of Discrimination, attached to Pltfs. 2nd Am. Cmplt. as Exhibit 1 (Doc. 8-1) and Exhibit 2 (Doc. 8-2).* On September 28, 2015, the EEOC issued its Dismissal and Notice of Rights letter with regard to "Community Health Systems" finding there was no employer-employee relationship. *See Dismissal and Notice of Rights Letter, attached to Pltfs. 2nd Am. Cmplt. (Doc. 8-3) and attached hereto as Exhibit 4.* On October 8, 2015, the EEOC issued its right to sue letter for TEK Systems. *See Dismissal and Notice of Rights Letter, attached to Pltfs. 2nd Am. Cmplt. (Doc. 8-4) and attached hereto as Exhibit 5.* Plaintiff never filed a charge of discrimination with the EEOC as to CHS/CHSI.[2]

32.     Plaintiff states in her complaint that, "[o]n or about October 5, 2015 and October 12, 2015 respectively, Plaintiff received notice of her letters indicating her right to file a civil action from the EEOC." *Pltfs. 2nd Am. Cmplt. (Doc. 8) at ¶ 9.* Since the right to sue letter was not issued to TEK until October 8, 2015, Plaintiff could not have received that right to sue letter on October 5, 2015. *See Exhibit 5.* Thus, Plaintiff received the right to sue letter regarding "Community Health Systems" on October 5, 2015. Thus, Plaintiff's deadline to file suit against "Community Health Systems" was January 3, 2016. However, Plaintiff did not file her Original Complaint until January 5, 2016. Accordingly, at best, any claim against CHS/CHSI under Title VII is untimely, and she cannot state a claim under Title VII through which relief may be granted. Even still, Plaintiff cannot state a claim under Title VII because she failed to file a

---

[2] As noted above, like many large corporations, the phrase "Community Health Systems" is used in the names of several separate and distinct entities. Also as established above, the reference to "Community Health Systems" in Plaintiff's charge could not have been a reference to CHS/CHSI since CHS/CHSI has no employees and had no connection to the events giving rise to the charge or this lawsuit.

charge with regard to this specific entity and thereby failed to exhaust her administrative remedies as to CHS/CHSI.

33. Since Plaintiff fails to state a claim under Title VII, CHS/CHSI requests that the Court dismiss Plaintiff's claims against it with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV.

## CONCLUSION

34. For these reasons, Defendant CHS/Community Health Systems, Inc. respectfully requests that the Court grant its Motion to Dismiss for Lack of Personal Jurisdiction, or alternatively, its Motion to Dismiss for to Failure to State a Claim.

Respectfully submitted,

By:    */s/ John S. Serpe*
      John S. Serpe
      Federal Bar No. 4741
      Texas Bar No. 18037400
SERPE JONES ANDREWS
CALLENDER & BELL, PLLC
America Tower
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Telephone: (713) 452-4400
Facsimile: (713) 452-4499
Email: jserpe@serpejones.com

**Attorney-in-Charge for Defendant,
CHS/Community Health Systems, Inc.**

OF COUNSEL:

Chris M. Knudsen
Federal Bar No. 432022
Texas Bar No. 24041268
SERPE JONES ANDREWS
CALLENDER & BELL, PLLC
America Tower
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Telephone: (713) 452-4400
Facsimile: (713) 452-4499
Email: cknudsen@serpejones.com

## CERTIFICATE OF SERVICE

I hereby certify that, on March 22, 2016, a true and correct copy of the foregoing instrument has served on all counsel of record via the Southern District's electronic case filing system.

*/s/ John S. Serpe*
John S. Serpe

660597v1